IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:24-cv-00901-RMR-STV

DAVID ARATO,

    Plaintiff,

v.

NELNET SERVICING, LLC,

    Defendant.

---

**ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Scott T. Varholak, entered on February 24, 2025, ECF No. 35, addressing Defendant's Motion to Dismiss (ECF No. 35). Magistrate Judge Varholak recommends that the motion be granted.

Plaintiff timely filed an objection to the Recommendation at ECF No. 36. Defendant filed a response to the objection at ECF No. 37. The Court has received and considered the Recommendation, the Objection, the record, and the pleadings. For the reasons stated below, the Court overrules the Plaintiffs' objection. Accordingly, the Court adopts the Recommendation.

    **I.**    **LEGAL STANDARD**

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made,

and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).  *See, e.g., Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

I.     ANALYSIS

The parties do not object to the factual or procedural background discussed in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein.

Plaintiff alleges Nelnet willfully or negligently violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) ("FCRA"), by failing to properly respond to Experian's reported dispute and investigation requests, and failing to supply accurate information to the agency, causing detrimental harm to Plaintiff's credit report. ECF No. 17 at ¶¶ 31-40. Nelnet moves to dismiss the action for lack of standing because Plaintiff has not pleaded a cognizable injury as required by Article III. ECF No. 29.

In his Recommendation, the Magistrate Judge recommends granting the motion to dismiss, concluding that "under the facts of this case, Nelnet's reporting of an inaccurate debt with Experian does not create Article III standing." ECF No. 35 at 9. The Magistrate Judge reasoned that "Nelnet's reporting of a student debt that Plaintiff did not have to Experian does not bear a 'close relationship' to the tort of defamation" because "[i]naccurately reporting to a [credit reporting agency] that Plaintiff had a student debt is not the type of report that would subject [Plaintiff] to hatred, contempt, or ridicule." *Id.* at 10 (internal quotation marks and citation omitted). The Magistrate Judge specifically noted that providing inaccurate information to a credit reporting agency ("CRA") "could ultimately cause a plaintiff sufficient injury in fact to provide that plaintiff with Article III standing" but that Plaintiff failed to allege any such injury beyond a single conclusory allegation that creditors and potential creditors have accessed Plaintiff's reports and were

3

misinformed about his credit worthiness. *Id.* at 11. The Magistrate Judge found Plaintiff's allegation insufficient to establish a concrete injury for purposes of Article III standing.

Plaintiff raises two objections to the Recommendation: (1) the Magistrate Judge erred in construing Plaintiff's complaint about the misreporting of his student loans as related to the loans' type, instead of its balance; and (2) the Magistrate Judge erred in holding that publication of an inaccurate balance to a consumer reporting agency did not meet *TransUnion*'s standard for establishing a concrete injury based on the common law analogue of defamation. But Plaintiff's objections miss the mark.

First, the Court does not find that the Magistrate Judge misconstrued the nature of the alleged injury. In his objection, Plaintiff clarifies that his complaint "is not that his student loans are being reported, it is that Nelnet is reporting a balance on a student loan that should not exist." ECF No. 36 at 3. But, as noted above, the Magistrate Judge properly categorized the alleged injury as "Nelnet's reporting of a student debt that Plaintiff did not have." ECF No. 35 at 10. Thus, the Court finds that the Magistrate Judge properly characterized the alleged injury when considering whether Plaintiff sufficiently alleged Article III standing.

Next, Plaintiff argues that the Magistrate Judge erred in finding that Nelnet's publication of inaccurate information to a CRA did not establish a concrete injury under the *TransUnion* standard. But the Court finds that the Magistrate Judge properly applied the Supreme Court's holding in *TransUnion* to this case and agrees that Plaintiff has failed to sufficiently allege a concrete injury. In *TransUnion v. Ramirez*, the Supreme Court held that although Congress, through the FCRA, intended to "assure maximum possible

4

accuracy" of CRAs, the "mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." 594 U.S. 413, 426–27, 434-35, 141 S.Ct. 2190, 210 L.Ed.2d 568 (2021). Moreover, "the mere risk of future harm, standing alone, cannot qualify as a concrete harm." *Id.*

Here, the Court agrees with the Recommendation that although Plaintiff has sufficiently alleged Nelnet inaccurately reported his debt to Experian (a credit reporting agency), the Complaint fails to plausibly allege the misinformation was actually disclosed to a third party and caused concrete harm. As the Magistrate Judge noted, the Complaint contains only the conclusory allegation that "creditors and potential creditors have accessed Plaintiff's reports while the misreporting was on the credit report and were misinformed by Defendant about Plaintiff's credit worthiness." ECF No. 17 at ¶ 13. But beyond this bare assertion, Plaintiff does not claim any specific, concrete harm resulting from the inaccurate reporting—such as being denied credit, receiving higher interest rates, or experiencing any other real-world consequence. Absent such allegations, Plaintiff has not shown the kind of concrete injury required to establish Article III standing. *See, e.g., Wan v. Trans Union, LLC*, No. 22-CV-115 (PKC) (JRC), 2022 WL 955290, at *2 (E.D.N.Y. Mar. 30, 2022) (no standing where complaint was "devoid of any information from which the Court could determine when and how Plaintiff's credit report was shared, who it was shared with, and how Plaintiff learned of the disclosure."); *Campbell v. Portfolio Recovery Associates, LLC*, No. 21-cv-1322-PKC-RML, 2022 WL 657225, at *2 (E.D.N.Y. Mar. 4, 2022) (holding that distribution of inaccurate information to a CRA rather than a potential creditor does not create a concrete injury for standing purposes: "[u]nlike the

5

disclosures at issue in *TransUnion* the distribution [to a CRA] lacks a 'close relationship' to the harm associated with defamation because reputational harm would be impossible without additional disclosure"). At most, Plaintiff's allegations suggest a risk of future harm if a third party lender or creditor relies on the inaccuracy when deciding whether to extend credit to Plaintiff in the future. But, as the Supreme Court made clear in *TransUnion*, a risk of future harm, standing alone, does not suffice to demonstrate standing on a claim for damages—the type of relief Plaintiff seeks here. 141 S. Ct. at 2211. Accordingly, the Court find Plaintiff lacks Article III standing and overrules Plaintiff's objections.

## II.  CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. Plaintiffs' Objection to the Recommendation, ECF No. 36, is OVERRULED;

2. The Recommendation, ECF No. 35, is ACCEPTED AND ADOPTED;

3. Defendant's Motion to Dismiss, ECF No. 29, is GRANTED; and

4. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. If Plaintiff chooses to file a motion to amend, he must do so by June 26, 2025.

DATED:  May 29, 2025.

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge